Case 2:22-cr-00117-TOR    ECF No. 63    filed 05/09/25    PageID.256    Page 1 of 5

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROSALLIO SANTELLAN-HERNANDEZ,<br><br>Defendant. | NO: 2:22-CR-0117-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is Defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 62. The Court has reviewed the record and files herein and is fully informed. Because the files and records of the case conclusively show that Defendant is entitled to no relief, the Government was not ordered to respond. *See* 28 U.S.C. § 2255(b). For the reasons discussed below, the Court **denies** the motion to vacate.

## BACKGROUND

On January 3, 2024, Defendant appeared before the Court and entered a plea of guilty to the Indictment charging him with Possession with Intent to Distribute

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 1

50 Grams or more of Actual (Pure) Methamphetamine. ECF No. 48. According to the Plea Agreement, Defendant expressly waived his right to file any post-conviction motion attacking his conviction and sentence including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant. *Id*. at ¶ 18.

A Presentence Investigative Report (PSIR) was prepared in this case. It calculated Defendant's total offense level as 31, with a criminal history category I, and an advisory guideline imprisonment range as 120 to 135 months. Defendant was sentenced to 120-months incarceration and 5 years of supervised release. ECF No. 60.

On April 7, 2025, Defendant filed the instant motion seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 62.

## DISCUSSION

The Court finds that the issues raised do not require an evidentiary hearing. *See* Rule 8, Rules—Section 2255 Proceedings. The transcripts, records and materials filed in this proceeding adequately document the issues for resolution.

**A. Waiver of Rights to Appeal and File Any Post-Conviction Motion**

This Court finds Defendant waived his right to file the instant motion. Defendant expressly waived his right to file any post-conviction motion attacking his conviction and sentence including a motion pursuant to 28 U.S.C. § 2255,

except one based upon ineffective assistance of counsel based on information not known by the Defendant. ECF No. 48 at ¶ 18.

A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if "(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *Davies v. Benov*, 856 F.3d 1243, 1246 (9th Cir. 2017) (citation omitted).

### B. Motion to Vacate, Set Aside or Correct Sentence

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges a sentence of incarceration: (1) "that the sentence was imposed in violation of the Constitution of laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). The Supreme Court has repeatedly interpreted this to encompass only errors that constitute a "fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). While the remedy is in this sense comprehensive, it does not encompass all claimed errors in conviction and sentencing. *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 3

Defendant complains that his counsel was ineffective at the plea stage, at sentencing, and by not filing an appeal. ECF No. 62. Defendant wrote that a "Supporting Memorandum of Facts and Law to follow." Defendant has not filed such a memorandum. A thorough review of Defendant's Plea Agreement indicates that Defendant waived his right to file any post-conviction motion. Defendant has presented no facts or argument that would support his claims.

Accordingly, Defendant has not established a constitutional violation or other right to relief.

### C. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issues presented deserve encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 62) is **DENIED**.

2. The Court further certifies that there is no basis upon which to issue a certificate of appealability and the same is **DENIED**.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The District Court Executive is hereby directed to enter this Order and furnish copies to the parties.  This file and the corresponding civil file (2:25-CV-0114-TOR) shall be **CLOSED**.

**DATED** May 9, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 5